UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STRIKE 3 HOLDINGS, LLC,

    Plaintiff,

v.                                                                  Case No. 8:22-cv-1674-CEH-CPT

JOHN DOE subscriber assigned IP
address 173.171.98.54,

    Defendant.
_____/

**O R D E R**

Before the Court is the *Plaintiff's Motion for Leave to Serve a Third-Party Subpoena Prior to Rule 26(f) Conference*. (Doc. 11). For the reasons discussed below, the Plaintiff's motion is granted.

I.

Plaintiff Strike 3 Holdings, LLC (Strike 3) initiated this action in July 2022, alleging copyright infringement against an unnamed individual (hereinafter, the Doe Defendant). (Doc. 1). According to Strike 3, the Doe Defendant unlawfully reproduced and distributed Strike 3's copyrighted works anonymously through the use of the internet and a peer-to-peer file sharing protocol known as BitTorrent. *Id.* As a result of its investigation, Strike 3 has identified the Doe Defendant's Internet Protocol

(IP) address (i.e., 173.171.98.54) as the one from which the allegedly infringing conduct occurred. *Id.*

By way of the instant motion, Strike 3 now asks that the Court afford it leave to engage in limited, expedited discovery with the Doe Defendant's Internet Service Provider (ISP), Spectrum, to learn the Doe Defendant's true identity. (Doc. 11). Strike 3 represents that it has conferred with the Doe Defendant's attorney, and that the Doe Defendant does not oppose the sought-after relief. *Id.*

II.

Rule 26(d) of the Federal Rules of Civil Procedure generally precludes a party from requesting discovery from any source before the parties participate in their required Rule 26(f) conference. Fed. R. Civ. P. 26(d)(1). This rule admits of an exception, however, where a party obtains court approval in advance. *Id.* (stating that a party may seek discovery prior to the Rule 26(f) conference "when authorized by . . . court order").

A party seeking leave to conduct such expedited discovery must establish that there is good cause for doing so. *Richardson v. Virtuoso Sourcing Grp., LLC*, 2015 WL 12862517, at *1 (M.D. Fla. Oct. 27, 2015); *United States v. Gachette*, 2014 WL 5518669, at *1 (M.D. Fla. Sept. 26, 2014). When a case involves infringement by means of the internet, "courts often evaluate good cause by considering factors such as the concreteness of the plaintiff's prima facie case of infringement; the specificity of the discovery request; the absence of alternative means to obtain the subpoenaed information; and the need for the subpoenaed information to advance the claim."

2

*Strike 3 Holdings, LLC v. Doe*, No. 3:19-cv-335-J-34JBT (Doc. 13 at 2) (M.D. Fla. Apr. 3, 2019) (quoting *Manny Film LLC v. Doe*, 2015 WL 12850566, at *1 (M.D. Fla. May 18, 2015)).  Some courts also consider a defendant's expectation of privacy.  *See, e.g.*, *Strike 3 Holdings, LLC v. Doe*, 329 F.R.D. 518, 521 (S.D.N.Y. 2019) (citing *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 119 (2d Cir. 2010)).

In the end, whether the moving party has demonstrated good cause is left to a court's broad discretion.  *Richardson*, 2015 WL 12862517, at *1 (citing *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998)); *Tracfone Wireless, Inc. v. Holden Prop. Servs., LLC*, 299 F.R.D. 692, 694 (S.D. Fla. 2014) (citing *Johnson v. Bd. of Regents*, 263 F.3d 1234, 1269 (11th Cir. 2001)).

The Court finds that Strike 3 has met its burden of establishing good cause here.  As attested to by its Chief Technology Officer, Strike 3 developed and employed an infringement detection system, known as VXN Scan, to ascertain IP addresses used to violate the company's copyright protections via BitTorrent.  (Doc. 11-1).  After reviewing the results of this scan, Strike 3's forensic investigator was able to determine that the Doe Defendant's IP address had uploaded a portion of one or more of Strike 3's copyrighted works.  (Doc. 11-2).  Strike 3 also analyzed the data to confirm that the alleged infringing files detected in its investigation corresponded with those protected works.  (Doc. 11-3).

In addition to this evidence, Strike 3 has sufficiently tailored its subpoena by restricting it to the Doe Defendant's name and address.  (Doc. 11-4).  Moreover, although Strike 3's forensic investigation has led to the discovery of the Doe

Defendant's IP address and the Doe Defendant is represented in this action, the identity of the user of this IP address remains unknown. (Doc. 11-2). Strike 3 submits that the sole mechanism for discerning the true name and address of the Doe Defendant is through Spectrum. *Id.* Strike 3 further submits that Spectrum will only maintain the requested information for a limited period of time and that, if this information is erased, Strike 3 will not be able to pursue its infringement action, much less engage in a meaningful Rule 26(f) conference. (Doc. 11 at 6–7, 13–14).

Finally, with respect to the matter of privacy, a number of courts have observed that "ISP subscribers have a minimal expectation of privacy in the transmission or distribution of copyrighted material." *Strike 3 Holdings, LLC v. Doe*, 2019 WL 1620692, at *2 (S.D.N.Y. Apr. 16, 2019) (quoting *Wiley & Sons, Inc. v. Doe Nos. 1–30*, 284 F.R.D. 185, 191 (S.D.N.Y. Sept. 19, 2012) and citing *Malibu Media, LLC v. John Does 1–11*, 2013 WL 3732839, at *6 (S.D.N.Y. July 6, 2013)). While the Court recognizes that the ISP subscriber at a given IP address may not be the same individual who engaged in the infringing activity, *SBO Pictures, Inc. v. Does 1–3036*, 2011 WL 6002620, at *3 (N.D. Cal. Nov. 30, 2011), "[a]ny concern about identifying the wrong individual and subsequent undue embarrassment can be alleviated with the Court's procedural safeguards described below," *Strike 3 Holdings*, 2019 WL 1620692, at *2.

### III.

In light of all of the above, it is hereby ORDERED:

1. The *Plaintiff's Motion for Leave to Serve a Third-Party Subpoena Prior to Rule 26(f) Conference* (Doc. 11) is granted.

2. Strike 3 may serve Spectrum with a subpoena pursuant to Federal Rule of Civil Procedure 45 to determine the name and address of the person to whom Spectrum has assigned the IP address 173.171.98.54. Strike 3 may also serve a Rule 45 subpoena seeking the same information on any other ISP that may be later identified in response to the initial subpoena to Spectrum.

3. Strike 3 shall include a copy of the complaint (Doc. 1), the attachments thereto, and this Order with any subpoena and, if the ISP qualifies as a "cable operator" as defined in 47 U.S.C. § 522(5),[1] this Order shall then be considered an appropriate court order under 47 U.S.C. § 551.[2]

4. Any ISP that receives a subpoena pursuant to this Order shall provide written notice to the subscriber within twenty-one (21) days of service of the subpoena, informing the subscriber that identifying information has been sought pursuant to a Rule 45 subpoena and that the subscriber has the right to challenge that subpoena in court (as set forth herein). The ISP shall additionally provide a copy of this Order with the written notification.

---

[1] Section 522(5) of Title 47, United States Code, defines the term "cable operator" as "any person or group of persons (A) who provides cable service over a cable system and directly or through one or more affiliates owns a significant interest in such cable system, or (B) who otherwise controls or is responsible for, through any arrangement, the management and operation of such a cable system."

[2] Section 551(c)(2)(B) of Title 47, United States Code, states, in pertinent part, that "[a] cable operator may disclose [personally identifying information] if the disclosure is . . . made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed."

5. The subscriber shall have fourteen (14) days from the date of the ISP's written notification to move to quash or otherwise challenge Strike 3's subpoena. The subscriber must serve a copy of his or her motion upon both Strike 3's counsel and the ISP.

6. The ISP shall produce the subpoenaed information to Strike 3 no earlier than twenty-one (21) days after written notification has been provided to the subscriber. If, however, the subscriber moves to quash or otherwise challenges the subpoena, the ISP shall not disclose the subpoenaed information to Strike 3 until the Court has resolved the subscriber's challenge.

7. Any ISP that receives a subpoena pursuant to this Order shall preserve all subpoenaed information until either the ISP has delivered such information to Strike 3 or the Court renders a final determination that excuses the ISP's compliance with the subpoena.

8. Any ISP that receives a subpoena pursuant to this Order may not charge Strike 3 in advance for providing the information requested in the subpoena. An ISP may, however, elect to charge Strike 3 a reasonable amount for the costs of production.

9. Any information disclosed to Strike 3 in response to a subpoena may only be used by it to protect and enforce its rights as set forth in its complaint (Doc. 1).

SO ORDERED in Tampa, Florida, this 19th day of September 2022.

*Christopher P. Tuite* (signature)
HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies to:
Counsel of record